ALVA E. BELMONT, ELLEN P. KELLOGG AND JOHN
PRENTICE KELLOGG, EXECUTORS, ETC., OF THE LAST
WILL OF ARMIDA VOGEL SMITH, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed April 18, 1913.*

1. INHERITANCE TAX—*to obtain a refund an appeal must be taken.*
Where an inheritance tax has been fixed by order of the county
judge and the time for an appeal to the county court has passed,
the county judge cannot afterwards entertain a petition to set aside
the order fixing the tax.

2. COURT OF CLAIMS—*will not review another court's jurisdiction.*
The Court of Claims will not pass upon the question of another
court's jurisdiction.

Archibald Cattell, for Claimant.
W. H. Stead, Attorney General, for State.

The claim in this case is for a refund of inheritance
tax claimed to have been erroneously paid. The claim
in question discloses that the deceased died prior to
July 1, 1909; that at the time of his death he was not
a resident of the State of Illinois, and did not own
any real estate in this State, at the time of his death,
but that at the time of his death said decedent was the
owner of certain shares of stock in Illinois corpora-
tions; that the corporations refused to transfer the
stock without the consent of the inheritance tax attor-
ney; that an appraiser was appointed by the county
judge of Cook County, Illinois, who appraised the value
of the stock so held, fixed the amount of the tax, and
made his report to the county judge of Cook County,
who entered an order approving the report and fixing
the tax; that no appeal was taken from the order of the
county judge in fixing the amount of the inheritance
tax, as provided by law; that the inheritance tax was
paid to the county treasurer of Cook County; that de-
mands were made upon the county treasurer of Cook

County, and upon the State Treasurer of Illinois, for a refund of the tax so paid.

That claimants filed their petition before the county judge, who appointed the inheritance tax appraiser, praying for a vacation of the order, through the execution of which the inheritance tax in question was levied and collected, which petition was denied.

Claimants allege, that "the county court was wholly without jurisdiction, and the county judge wholly without jurisdiction, in taking any of the steps which resulted in the imposition of said tax and its collection;" that "the proceedings of the county court were wholly void." The grounds for claimants' contentions are that the deceased was a non-resident of the State of Illinois, at the time of his death, did not have any real estate in Illinois, and therefore the county judge of Cook County, Illinois, had no jurisdiction to fix an inheritance tax.

The State of Illinois, by the Attorney General, has demurred to the claim. This Court is asked to review the proceedings in the county court and the order of the county judge, and hold that the county court had no jurisdiction. Claimants have not followed the plain provisions of the law provided for the reviewing of the order of the county judge by an appeal to the county court. The order of the county judge consequently stands unquestioned, except by this application to this Court, and this Court is asked to assume the power conferred upon the county court under the statute in question, and reverse the order of the county judge. We are of the opinion, that this Court has no such jurisdiction conferred upon it, and that so far as this Court is concerned, the inheritance tax in question is a legal tax and was not erroneously paid, and continues to be a legal tax, until such time as an appeal is prosecuted according to the statute in question and the order of the county judge reversed by a court of competent jurisdiction. This Court cannot review the order of the county judge. The statute in question

provides for the manner of reviewing the order of the county judge, and it is essential and necessary that any one desiring a refund of inheritance taxes claimed to have been paid erroneously, must first have the inheritance tax declared erroneous, by some court of this State in accordance with the inheritance tax law, and inasmuch, as the claimants in this case have wholly neglected to take the steps provided by this law, we are compelled to dismiss their claim without a consideration of the merits of the same.

For the reasons above stated, the claim is therefore dismissed, but inasmuch, as there are certain questions involved in this claim, which claimants may desire to submit for decision to some other court, we direct that the rejection of this claim by this Court shall not conclude the claimants.